**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARITO HERNANDEZ-SANCHEZ, | No.   18-70604 |
| Petitioner, | Agency No. A095-755-179 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021**
Pasadena, California

Before:  GOULD, OWENS, and VANDYKE, Circuit Judges.

Petitioner Margarito Hernandez-Sanchez seeks review of the Board of

Immigration Appeals' (BIA) decision.  Petitioner argues substantial evidence does

not support the BIA's denial of his application for withholding of removal or request

for protection under the Convention Against Torture (CAT).  We have jurisdiction

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252(a), and we deny the petition.[1]

First, substantial evidence supports the BIA's determination that Petitioner did not establish the requisite nexus between any alleged harm and his membership in his proposed particular social group (PSG) of family. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).[2] The record does not compel a conclusion contrary to the BIA's determination that revenge, and not Petitioner's family membership, motivated the cartel member's family's actions toward Petitioner and his cousins. *See Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). Petitioner all but concedes as much by acknowledging that the cartel member's family sought revenge by seeking to kill several younger members of Petitioner's family—all cousins—that they thought to be involved in the cartel member's murder. *See Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (BIA 2017) ("[N]exus is not established simply because a [PSG] of family members exists and the family members experience harm. Thus, the fact that a persecutor has threatened an applicant and members of his family does not necessarily mean that the threats were motivated by family ties."), *overruled on*

---

[1] The parties are familiar with the facts, so we do not repeat them here.

[2] The BIA determined Petitioner waived any challenge to his second proposed PSG of "those who were kidnapped, extorted, and branded by a drug cartel," and Petitioner does not raise this proposed PSG in his petition, so we do not address it here. *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987).

*other grounds in* 27 I. & N. Dec. 581 (2019). The cartel member's family's focus on revenge, as opposed to any motivation to harm the family per se, is further supported by the fact that Petitioner's grandparents continue to reside safely in Mexico. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 744 (9th Cir. 2008) ("Substantial evidence … supports the [BIA]'s finding that [the petitioner]'s mother's continued safety in his hometown undermines his well-founded fear of persecution on the basis of his family membership, and we deny his petition based on this claim."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) ("[T]he persecutor's motive is critical and the applicant must come forward with some evidence of motive, direct or circumstantial." (internal quotation marks, citation, and alterations omitted)).[3] Because revenge is not a protected ground, substantial evidence supports the BIA's determination that Petitioner's family was not "a reason" for his alleged harm. *See* 8 U.S.C. § 1231(b)(3)(A); *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017); *Sanjaa v. Sessions*, 863 F.3d 1161, 1165 (9th Cir. 2017); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081

---

[3] The record also reveals that several incidents from which Petitioner alleges past harm—including the murder of his cousin in the U.S. and Petitioner's injury at a political event—bear no connection to *any* proffered motivation (revenge *or* family), given Petitioner's admissions that he does not know who perpetrated these incidents. Petitioner's attempt to link these incidents to the basis for his withholding of removal claim is based entirely on speculation.

(9th Cir. 2016); *Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir. 2011) (per curiam).[4]

Second, substantial evidence supports the BIA's determination that the record, in its entirety, does not establish that Petitioner faces a clear probability of torture upon his return to Mexico. *See Guo*, 897 F.3d at 1212; *Garcia-Milian*, 755 F.3d at 1033. The record does not compel a conclusion contrary to the BIA's determination that Petitioner's prior kidnapping did not give rise to a clear probability of future torture, as his former captors lack any means of contacting him, nor have they expressed any interest in doing so. *See Bellout v. Ashcroft*, 363 F.3d 975, 979 (9th Cir. 2004) (substantial evidence supported agency's denial of CAT relief where the petitioner testified about a single incident of police abuse which occurred ten years prior), *superseded by statute on other grounds as stated in Khan v. Holder*, 584 F.3d 773, 777 (9th Cir. 2009).

While Petitioner argues that all his past incidents combine to establish a probability of torture from a revengeful family of the cartel member, the BIA properly reviewed Petitioner's arguments, and substantial evidence supports the conclusion that his cousin's death in the United States and the stabbing at a political event bear no connection to the cartel member's family beyond mere speculation,

---

[4] We do not reach Petitioner's various arguments under his withholding of removal challenge that go beyond the scope of the BIA's nexus determination. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) ("We cannot affirm the BIA on a ground upon which it did not rely." (internal quotation marks and citation omitted)).

thereby diminishing a probability of future torture based on those incidents. *Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (denying CAT claim because claims of torture were speculative). In the one incident that bore any relation to the cartel member's family, where Petitioner received a warning to leave a wedding due to the cartel member's family's proximity, Petitioner left without harm after a few minutes of waiting in a backroom. And Petitioner's grandparents' continued safety in Mexico further undermines the probability of continued harm based on a family dispute. *See Santos-Lemus*, 542 F.3d at 748.

Finally, Petitioner's generalized evidence regarding Mexico's country conditions, which the BIA considered as part of the entirety of the record, fails to establish a particularized risk of torture. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden."); *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (concluding the country reports "do not indicate that [the petitioner] would face any particular threat of torture beyond that of which all citizens of [that country] are at risk."); *see also Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014) ("[W]e do not require that the BIA ... discuss each piece of evidence submitted. Unless clear indications exist that the IJ or BIA did not consider the documentary evidence, general language that the agency considered all the

5

evidence before it is sufficient." (internal quotation marks, citation, and alterations omitted)).

**PETITION DENIED.**